## SNIDER v WELCH et

Ohio Appeals, 5th Dist, Fairfield Co

Decided Sept. 21, 1938

### OPINION

By LEMERT, J.

This cause comes into this court by way of appeal on questions of law and fact from the Common Pleas Court of Fairfield County. Appellant has been a duly licensed, practicing physician in Lancaster, Ohio, for the past fifteen years. In 1930 he was called to treat William H. Welch, and continued to treat him until September 9, 1935; at which time William H. Welch died.

The claim of appellant, Dr. Snider, against the estate of decedent amounts to $456.50. The decedent left a will, which was admitted to probate, and the inventory of the estate and sale of real estate shows the entire assets to be $1524.

This contest is between Dr. Snider and Lucy Thrush, a daughter of the said William H. Welch, deceased. This daughter, it appears, had provided money for her father since 1933, in small sums, which, with the interest thereon, amounted to $396. On September 7, 1935, at her request, her father gave her a mortgage on his real estate for $700, for the reason he said he wanted to make her secure.

It is the claim of Dr. Snider, plaintiff appellant, that the money furnished by the daughter, Lucy Thrush, over a period of two or more years, which was partly provided by her husband, and the mortgage given her at her request by her father twenty days before he died, because he said he wanted her secured, should be vacated and set aside and that he might share in the payment of debts against the estate of William H. Welch deceased.

William H. Welch recites in his will of 1926 that he had advanced $350 to Lucy Thrush. She never paid that back to her father, so far as the record discloses. We note from the record that the mortgage in question was given at a time when William H. Welch was in good mental condition; this being testified to by Dr. Snider, himself.

For the appellant to maintain his action, the burden of proof is upon him to establish and maintain that the mortgage in question was given at the instance, solicitation and request of the appellee, Lucy Thrush, with intent to defraud the creditors of the said William H. Welch, deceased, and that the same was given without consideration and in contemplation of insolvency and with intent to prefer this appellee to the exclusion of the appellant or other creditors.

The record discloses that on September 7, 1935, this appellee suggested whether or not he, Mr. Welch, wished to carry into effect that which he had theretofore promised. After receiving his answer it appears that the attorney for the family was sought and he drafted a mortgage for the amount to Lucy Thrush, the same being for a preexisting debt together with money which she was to advance upon the demand of the mortgagor. The evidence is lacking to show that the mortgage was drawn at any more than a suggestion from the appellee, Lucy Thrush, or that she had demanded or insisted that she be given security for the money which she had advanced William Welch.

As to the intent to prefer Lucy Welch to the exclusion of this appellant or any other creditor, no evidence was introduced by the appellant herein from which it could even be inferred to such an extent, and the facts did not sustain to any degree such an intent to prefer.

The evidence shows that the said William H. Welch desired to make this mortgage

with the only purpose in mind of securing payment to Lucy Thrush, and for no other reason. The evidence shows only that the said mortgage was given to the attorney to file, and no mention was made as to when or how the same should be done. In fact, the evidence of Dr. Snider shows that the said mortgage was not given with intent to defraud creditors; that prior to the death of said William H. Welch he informed the doctor that at that time he did not have sufficient money with which to pay him, but that he had property which would be sufficient to pay him for all his services.

As to the contemplation of insolvency, there is nothing in the record to show that the said William H. Welch, or Lucy Thrush, believed or had any intimation that at the time of the giving of said mortgage the said William H. Welch was insolvent, but, on the contrary, on the statements of the appellant herein, the said William H. Welch, being in good mind, thought and honestly believed that he had property enough with which to pay all his debts, and prior to the taking of said mortgage the said Lucy Thrush, to use all precautions possible to ascertain the amount of debts the said William H. Welch then owed, asked the appellant herein and also inquired of the said William H. Welch as to indebtedness, and the said William H. Welch informed her that he was indebted to Dr. Snider, in what amount he did not know, (and we doubt whether or not the amount was known by the appellant herein), and that he did not have any other debts whatsoever excepting two prior mortgages which had been given to Hazel E. Tnrush.

So that, in summing up the facts and the law of this case, we find nothing in the record upon which the appellant can suport his allegations, that is, that the mortgage in question was given with intent to defraud the creditors of the said William H. Welch, deceased, or that said mortgage was given without consideration or in contemplation of insolvency or with intent to prefer the said Lucy Thrush to the exclusion of appellant herein or any other creditor whatsoever. So that the injunction heretofore granted will be dissolved and same judgment entered in this court as was entered in the court below. Exceptions may be noted.

MONTGOMERY, PJ, and SHERICK, J, concur.